IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESSENTIAL UTILITIES, INC. f/k/a AQUA AMERICA, INC., et al. | : CIVIL ACTION  :  : No. 22-1559 |
| v. | : : |
| SWISS RE CORPORATE SOLUTIONS ELITE INSURANCE CORPORATION f/k/a NORTH AMERICAN ELITE INSURANCE COMPANY, et al. | : : : : : |

## <u>MEMORANDUM</u>

**Judge Juan R. Sánchez**                                          **March 28, 2025**

Plaintiffs Essential Utilities, Inc. and Aqua Illinois, Inc. ("Aqua") seek to enforce a judgment requiring Aqua's commercial umbrella liability insurer—Defendant Swiss Re Corporate Solutions Elite Insurance Corporation ("SRCS Elite")—to defend it in underlying lawsuits arising out of alleged water contamination. The parties agree that SCRS Elite owes Aqua a duty to defend—as was found by a judge of this Court and affirmed by the Third Circuit Court of Appeals—but contest the scope of that duty. SCRS Elite argues the duty to defend must follow form to Aqua's primary liability insurance policy, provided by Chubb Insurance, thereby entitling SCRS Elite to control the defense per the terms previously outlined by Chubb. Aqua argues the defense obligation does not follow form, and any control of the defense cannot be done in a way that prejudices Aqua. The Court finds that SCRS Elite is entitled to limit the rates it pays for Aqua's defense to those previously paid by Chubb, but may not require Aqua to change counsel nor follow additional conditions not encompassed in the Chubb Policy.

**BACKGROUND**[1]

---

[1]     The Court writes for the parties, and therefore includes only an abbreviated set of facts.

1

Aqua is a water utility company alleged to have leached lead into the public water supply of the Village of University Park, Illinois. The alleged contamination resulted in two lawsuits against Aqua—a regulatory action and a class action lawsuit—the defense costs of which were initially covered by Aqua's primary liability insurer, Chubb Insurance. Once the Chubb Policy was exhausted, Aqua sought coverage from SCRS Elite, with whom it has excess insurance policies. Around that time, Aqua also changed counsel, retaining ArentFox Schiff ("AFS") to replace its prior counsel at Segal McCambridge Singer & Mahoney. SCRS Elite refused to provide coverage, and Aqua brought this lawsuit arguing SCRS Elite owed a duty to defend. On cross motions for judgment on the pleadings the Honorable Eduardo C. Robreno—then presiding over this case—found for Aqua and held that SCRS Elite owed Aqua a duty to defend. ECF No. 66. A year later, Aqua filed the present motion seeking to enforce that judgment. ECF No. 90. While the motion was pending, the Third Circuit Court of Appeals affirmed Judge Robreno's decision, finding SCRS Elite owed a duty to defend. ECF No. 97.

**DISCUSSION**

It is undisputed that SCRS Elite owes Aqua a duty to defend. The parties instead dispute the scope of that duty. SCRS Elite argues it is entitled to control the defense in the same manner as Chubb Insurance because it must follow form to the Chubb Policy. Aqua argues the policy does not follow form, and any control of the defense cannot be done in a way that prejudices Aqua. The Court finds that while SCRS Elite may not require Aqua to retain substitute counsel, it is still entitled to control the defense by limiting the rates it pays for Aqua's defense counsel as set forth in the Chubb Policy.

As a preliminary matter, the Court finds that SCRS Elite's excess coverage follows form to the Chubb Policy. In ruling on the parties' cross motions for judgment on the pleadings, Judge

Robreno interpreted the SCRS Elite Policy in favor of Aqua by finding that Aqua's exhaustion of the Chubb Policy triggered SCRS Elite's Retained Limits Exception—thus entitling Aqua to coverage—because the Chubb Policy constituted "other insurance." While that interpretation provided Aqua with coverage, it left an ambiguity as to what terms would control. Judge Robreno resolved that ambiguity by holding that coverage should "follow the terms, definitions, conditions, exclusions and limitations of the applicable 'other insurance.'" ECF No. 66 at 12. The Third Circuit affirmed this resolution, holding SCRS Elite's coverage must follow form to the Chubb Policy because otherwise, there would be no terms guiding the excess coverage ("an absurd result") and "[Aqua] would lack pollution coverage from SRCS Elite entirely." ECF No. 97-1 at 11.

Under a follow form policy, "coverage issues . . . turn solely on the interpretation of the underlying polic[y]." *Houbigant, Inc. v. Fed. Ins. Co.*, 374 F.3d 192, 203 (3d Cir. 2004); *see also Holden N. Am. Inc. v. Ace Prop. & Cas. Ins. Co.*, 875 F. Supp. 2d 478, 492 (W.D. Pa. 2012) ("It is well settled that the obligations of following form excess insurers are defined by the language of the underlying policies." (internal citation omitted)). As is relevant here, the Chubb Policy, the underlying policy, provides the insurer with the right to select legal counsel:

> The Insurer shall have the right to select legal counsel to: 1) represent the "insured" for the investigation, adjustment, and defense of any "claims" covered pursuant to this Policy and 2) assist the "insured" with clarifying the extent of, and to help minimize, any "first-party remediation costs". Selection of legal counsel by the Insurer shall not be done without the consent of the "insured"; such consent shall not be unreasonably withheld.

ECF No. 1-6 at 9. The policy also provides the insurer with certain rights when the insured is entitled by law to select its own counsel, such as the right to limit rates and to impose certain minimum qualifications. *Id.* Because the excess policy follows form to the Chubb Policy, SCRS Elite is entitled to select legal counsel to represent Aqua, or to impose certain conditions on that defense should Aqua be entitled to select its own counsel. This provision is consistent with

3

Pennsylvania law, which recognizes the insurer's right to control the defense. *Widener Univ. v. Fred S. James & Co.*, 537 A.2d 829, 833 n.9 (Pa. Super. 1988) (holding a duty-to-defend insurer "has right to defend litigation and to select counsel").[2]

While following form to the Chubb Policy means that SCRS Elite is entitled to a certain degree of control over the defense, that finding does not resolve the matter because Aqua raises concerns that SCRS Elite's control of the defense may impermissibly prejudice Aqua.[3] Aqua is concerned that obtaining substitute counsel at this stage would prejudice Aqua given the complexity of the underlying lawsuits, AFS's expertise regarding class actions and environmental compliance, and the firm's significant involvement in the litigation over the past three years. ECF No. 90 at 16-18. In addition to the downsides of losing AFS's representation, Aqua argues the costs of changing counsel—the time and resources needed to get substitute counsel up-to-speed– would cause further prejudice. *Id.* at 17.

The Court agrees that requiring Aqua to retain substitute counsel at this stage would be prejudicial. Under Pennsylvania law, an insurer who resumes its duty to defend may attempt to renegotiate a fee arrangement or obtain substitute counsel, "so long as no prejudice falls on [the insured]." *Pa. Mfrs.' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 243 A.3d 298, 321 (Pa. Commw. Ct. 2020). Requiring Aqua to retain substitute counsel after three years of working with AFS would

---

[2] SCRS Elite further argues the provisions in Chubb's Defense Counsel Legal Services Agreement (LSA) pursuant to which Chubb managed the litigation must also apply because it follows form to the Chubb Policy. *See* ECF No. 91-4. However, the LSA is not part of the Chubb Policy, nor does the Chubb Policy reference or incorporate the LSA. While Chubb imposed the LSA's conditions on Aqua—such as requiring Aqua submit invoices through TyMetrix—there is no basis for this Court to order Aqua to now comply with the LSA or any other conditions not found in the Chubb Policy itself.

[3] At oral argument, Aqua conceded that SCRS Elite was entitled to control the defense once it took up the defense, focusing its argument instead on the question of prejudice. Oral Argument at 38:53-40:53, ECF No. 102.

prejudice Aqua, particularly given the complexity and posture of the underlying lawsuits, the relationship Aqua has already built with AFS, and the firm's substantive expertise. SCRS Elite may not require Aqua to retain substitute counsel.[4]

Although SCRS Elite may not require Aqua to retain substitute counsel, the need to avoid prejudice does not fully strip SCRS Elite of its right to control the defense. The Chubb Policy entitles SCRS Elite to impose certain conditions when the insured selects its own counsel. Specifically, the policy entitles the insurer to limit the rates of an insured's chosen counsel to "rates the Insurer actually pays to counsel that the Insurer normally retains in the ordinary course of business when defending 'claims' or lawsuits of similar complexity in the jurisdiction where the 'claim' arose or is being defended." ECF No. 1-6 at 9. In other words, even in a situation in which the insured retains more control of the defense such that it may select its own counsel, the insurer is still entitled to limit rates. The provision thus entitles SCRS Elite to limit the rates it pays for AFS's services to the rates previously paid by Chubb: rates that reflect what Chubb pays when it normally retains counsel to defend similar claims in the same jurisdiction.[5] Accordingly, Aqua may continue its relationship with AFS, but SCRS Elite is only required to pay up to the rates previously paid by Chubb. While the arrangement may likely inconvenience Aqua, the Court is not persuaded prejudice would result, especially considering that Aqua has been paying AFS out of pocket for the last three years and because Aqua was on notice that AFS's rates were above what other insurers, such as Chubb, would pay for similar claims in the same jurisdiction.

---

[4] While Aqua is not required to retain substitute counsel, it may of course, choose to end its relationship with AFS, in which case SCRS Elite would be entitled to select new counsel for Aqua, with Aqua's consent, as set forth in the Chubb Policy.

[5] It is worth noting that SCRS Elite does not oppose AFS's continued representation of Aqua, so long as the rates it pays for AFS's services are reduced. *See* ECF No. 91 at 22.

**CONCLUSION**

SCRS Elite must take up Aqua's defense by paying all outstanding defense costs incurred by Plaintiffs following the exhaustion of the Chubb Policy, reduced to the same rates previously paid by Chubb Insurance. SCRS Elite may not require Aqua to retain substitute counsel; AFS may continue its representation of Aqua. Nor may SCRS Elite require that Aqua comply with the conditions outlined in Chubb's litigation management guidelines, or any other such conditions previously imposed by Chubb but not set forth in the Chubb Policy.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.